**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC. | |
| *Plaintiff*, | |
| v. | Civil Action No. 17-cv-205 (CRC) |
| U.S. DEPARTMENT OF STATE, | |
| *Defendant*. | |

**STATUS REPORT**

Defendant United States Department of State ("State"), through undersigned counsel,

submits this status report as a follow-up to the parties' joint status report of March 28, 2017

(ECF No. 9):

1. Judicial Watch's FOIA request at issue in this case seeks:

   a) All records that concern or relate to the processing of FOIA
   Request No. F-2014-08848, served on the State Department by
   Judicial Watch, Inc. on May 13, 2014.[1]  Any and all tasking,
   tracking, and reporting records for searches conducted in
   response to the request should be considered responsive.
   Forms DS-1748 and any "search slips," "search tasker," and
   "search details," also should be considered responsive.

   b) All internal State Department communications that concern or
   relate to the processing of or search for records responsive to
   FOIA Request No. F-2014-08848, including any directions or
   guidance about how and where to conduct the searches,
   whether and how to search the emails of U.S. Secretary of

---

[1] FOIA Request No. F-2014-08848 sought "[c]opies of any updates and/or talking points given to
Ambassador Rice by the White House or any federal agency concerning, regarding, or related to
the September 11, 2012 attack on the U.S. consulate in Benghazi, Libya" and "[a]ny and all
records or communications concerning, regarding, or relating to talking points or updates on the
Benghazi attack given to Ambassador Rice by the White House or any federal agency."
Complaint ¶ 5, *Judicial Watch, Inc. v. U.S. Dep't of State*, Case No. 14-cv-1242 (Dkt. No. 1)
(D.D.C. July 21, 2014).

State Hillary Rodham Clinton, and any issues, problems, or questions regarding the searches and/or search results.

c)   All records that concern or relate to the State Department's discovery, prior to February 2, 2015, that additional searches for record responsive to FOIA Request No. F-2014-08848 were [sic] necessary.  In this regard, the State Department represented in a February 2, 2015 status report filed in litigation regarding FOIA Request No. F-2014-08848 that:

> In the course of preparing additional information to provide to Plaintiff for purposes of settlement discussions, Defendant has discovered that additional searches for documents potentially responsive to the FOIA [request] must be conducted.[2]

Any records, including communications, regarding this discovery referenced in the status report should be considered responsive.

d)   All records that concern, relate to, or identify the location(s) or source(s) of potentially responsive records that necessitated the "additional searches" referenced in the February 2, 2015 status report.

Complaint ¶ 5.

2.    In the parties' last joint status report, State reported that its searches were still ongoing and, for that reason, proposed an interim schedule of monthly productions on May 5 and June 5, 2017.  *See* Joint Status Report ¶ 2 (ECF No. 9).  State further proposed that it would provide to Judicial Watch by May 26, 2017, a schedule for production of the non-exempt portions of any remaining responsive records subject to the FOIA.  *Id.*  Judicial Watch noted that it did not object to those proposals.  *Id.*

---

[2] Joint Status Report ¶ 3, *Judicial Watch, Inc. v. U.S. Dep't of State*, Case No. 14-cv-1242 (Dkt. No. 11) (D.D.C. Feb. 2, 2015).

3.      State's searches to date have uncovered in excess of 3,100 potentially responsive documents, totaling more than 51,000 pages.  A potentially responsive document is one that has been identified by a search as being possibly responsive to the FOIA request, usually because it contains a relevant search term.  State must process each potentially responsive document, which, in this context, means determining whether it is, in fact, responsive and, if so, identifying which portions, if any, must be withheld under appropriate FOIA exemptions.

4.      To date, State has made two productions of documents. On May 5, 2017, State informed Judicial Watch via electronic letter that it had identified 71 documents responsive to the FOIA request and had determined that 18 could be released in full and 53 must be withheld in full.  On June 5, 2017, State informed Judicial Watch via electronic letter that it had identified 37 documents responsive to the FOIA request and had determined that 4 could be released in full and 33 must be withheld in full.  For its May and June productions, State processed a total of 429 potentially responsive documents.

5.      Based on what State has learned during the first two months of processing, and State's sampling of some of the potentially responsive documents not yet reviewed, State proposed to Judicial Watch a rolling monthly production schedule based on processing a minimum number of documents, rather than the more typical minimum number of pages it has proposed in other cases.  Specifically, State proposed that it process 200 potentially responsive documents per month.  Judicial Watch, in turn, proposed that State complete its document production by September 2017, with rolling monthly productions until then.  Judicial Watch's proposed schedule would require State to process on average more than 16,000 pages a month.

6.      As this Court is aware, State has faced a heavy FOIA workload for some time.

*See* Order, *Citizens United v. U.S. Dep't of State*, 16-cv-67-CRC (ECF No. 17) (D.D.C. Aug. 16,

2016) (noting the "high volume of FOIA litigation confronting" State and adopting State's

proposed processing rate of 300 pages per month).  State's FOIA workload is still very heavy.  In

a recent submission to Judge Emmet G. Sullivan in another FOIA case involving State, State

listed some of the review requirements it faces in other FOIA cases in litigation.  *See*

Defendant's Submission Regarding Processing Rates in Other Recent FOIA Cases, *American*

*Center for Law and Justice v. Dep't of State ("ACLJ")*, 16-cv-1975-EGS (ECF No. 29) (D.D.C.

May 18, 2017) (attached).  The chart in that filing, which only included litigation initiated in

2016 or later, identified 12 cases with minimum production orders totaling approximately 4600

pages per month.  It also listed 18 cases (including this one) with production orders that do not

specify minimum pages, but that State must continue to work diligently on.  The chart does not

include other significant production commitments faced by State, including orders in three other

cases requiring minimum processing rates that total to 3,350 pages per month.[3]  *See* Order,

ACLJ, 16-cv-1975-EGS (ECF No. 31) (1000 pages); Order, *Leopold v. Dep't of Justice*, 15-cv-

2117-RDM (ECF No. 26) (1,850 pages); Minute Order of May 4, 2017, *Judicial Watch v. State*,

15-cv-687-JEB (500 pages).

7.      Altogether, State currently faces a minimum processing burden in 15 cases of

approximately 7,950 pages per month.  This processing burden is in addition to its obligations to

make ongoing productions in at least 18 other cases initiated in 2016 or 2017, to make

---

[3] Eight of the cases discussed in this paragraph were brought by Judicial Watch.

productions in other cases that pre-date 2016, to process FOIA requests not in litigation, and to perform other necessary FOIA functions, such as drafting *Vaughn* indexes and declarations.

8.     State, therefore, respectfully proposes that State, on the first business day on or after the 5th of each month, make rolling productions based on a minimum processing[4] rate of 200 documents.

Date: June 5, 2017                          Respectfully Submitted,

                                            JOYCE R. BRANDA
                                            Deputy Assistant Attorney General

                                            ELIZABETH J. SHAPIRO
                                            Deputy Branch Director

                                            */s/ Robert J. Prince*
                                            ROBERT J. PRINCE
                                            D.C. Bar No. 975545
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W.
                                            Washington, DC 20530
                                            Tel: (202) 305 3654
                                            robert.prince@usdoj.gov

                                            *Counsel for Defendants*

---

[4] In this context, "processing" a potentially responsive document means determining whether it is responsive and, if so, identifying which portions, if any, must be withheld.