**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC. *Plaintiff*, v. U.S. DEPARTMENT OF STATE, *Defendant*. | Civil Action No. 17-cv-205 (CRC) |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), through undersigned counsel, submits the following Status Report to the Court. The parties were not able to reach an agreement over the production schedule of the remaining records to be produced in this case and as Defendant, through counsel, advised that it does not intend to file a joint status report with Plaintiff, Plaintiff submits this report individually with its proposed document production schedule, consistent with the parties' joint status report filed on March 28, 2017 (ECF 9).

1. Pursuant to the Court's minute order entered on March 15, 2017, the parties submitted to the Court a joint status report on March 28, 2017 with an initial production schedule of federal records at issue in this case.[1] (ECF 9).

2. At the time of the parties' filing of the joint status report, the State Department, by counsel, represented that it had not completed processing its search for responsive records and asked for an additional 10 weeks to complete processing the search and provide an estimated

---

[1] At issue in this lawsuit is Plaintiff's request under the Freedom of Information Act ("FOIA") for federal records about the processing and search for records of a previous FOIA request Plaintiff submitted to Defendant on May 13, 2014. (FOIA Request No. F-2014-08848) ("underlying FOIA request"). More specifically, Plaintiff seeks records about when the State Department knew in the underlying FOIA request that its response to the Court and Plaintiff about the completeness of its search and production did not include any of Secretary Clinton's emails. *See* Joint Status Report, March 28, 2017, ¶ 1, n. 1 (ECF No. 9).

time frame for when it could complete its production of all non-exempt responsive records. Additionally, agency counsel represented that the State Department would produce records in two intervals during that time frame, an initial document production would be made on May 5, 2017 and a second document production to be made on June 5, 2017.  Plaintiff did not object.

3.      Consistent with the March 28, 2017 joint status report, the State Department produced responsive records on May 5, 2017 and June 5, 2017.  The State Department's two productions included a total of 22 documents released in full.  During the course of approximately 10 weeks, Defendant processed and reviewed only 108 documents in response to Plaintiff's FOIA request (as 86 documents were withheld in full) – an average of 10 documents per week or 4 documents per business day.  *See* Ex. 1.

4.      On May 26, 2017, agency counsel informed undersigned counsel that the State Department's "searches have uncovered in excess of 3,100 potentially responsive documents." Upon Plaintiff's request, again through counsel, the State Department disclosed on June 1, 2017 that the documents consist of approximately 51,329 potentially responsive pages.

5.      Since May 26, 2017, the parties conferred through counsel to possibly reach an agreement for the production schedule of the remaining responsive documents, however, the State Department's proposals far exceed any reasonable schedule for the parties to be able to reach an agreement.  Therefore, Plaintiff submits its individual status report herein.

6.      On May 26, 2017, the State Department initially proposed to process 300 pages of potentially responsive documents per month.  A production schedule consistent with Defendant's initial proposal would carry out the rolling production of responsive documents by more than an additional 30 months – December 2019. On June 1, 2017, the State Department revised its proposal to process 200 potentially responsive documents per month.  This amended proposal

too however, would extend the rolling production over an additional 16 months – October 2018. The State Department did not cite to any reason for the undue delay in processing Plaintiff's FOIA request or the ability to suddenly process the records in half the time it initially proposed.

7. Plaintiff submitted the FOIA request at issue more than six (6) months ago. Compt.at ¶ 5. The State Department's failures to produce any records prior to Plaintiff's filing of this lawsuit or to demonstrate even a reasonable effort in processing and producing responsive records since the Court's minute order that was entered on March 15, 2017 are evidence of Defendant's slow dragging strategy in this case. *Supra*, ¶ 3.

8. Plaintiff seeks records about potential agency wrongdoing, which goes to the heart of the public's right to know under FOIA, making the State Department's processing of responsive records in a timely manner imperative in this case.

9. Considering the critical issues surrounding this case and the records sought herein, Plaintiff respectfully submits that the Court order the State Department to produce all non-exempt responsive records in three monthly productions, with a final production on or before September 30, 2017. Ten months since Plaintiff's FOIA request is more than sufficient time for the State Department to complete its production of all responsive, non-exempt records in this case. Therefore, Plaintiff proposes that the Court order the State Department to complete its production of all non-exempt responsive records according to the following schedule:

| | |
|---|---|
| July 5, 2017 | Defendant's 3rd monthly document production |
| August 5, 2017 | Defendant's 4th monthly document production |
| September 5, 2017 | Defendant's 5th monthly document production |
| September 30, 2017 | Defendant's final document production |

10.     Plaintiff also recommends that the parties submit a joint status report within fifteen (15) days of the State Department's final document production with a status and recommendations for further proceedings.  Accordingly, Plaintiff also proposes that the Court order the parties to file a joint status report on or before October 15, 2017 with a status of the case and further proceedings.

Dated: June 5, 2017

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/ Ramona R. Cotca*
Ramona R. Cotca, D.C. Bar No. 501159
Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC  20024
(202) 646-5172
rcotca@judicialwatch.org

*Counsel for Plaintiff*